Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| CATINA JOHNSON, | ) Case No.: |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| PROGRESSIVE FINANCIAL SERVICES, | ) |
| INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

CATINA JOHNSON (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against PROGRESSIVE FINANCIAL SERVICES, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant maintains an office and conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in the state of Maryland.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency, and corporation, with business offices located in Temple, Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged student loan owed.

12. Defendant has placed collection calls to Plaintiff at her place of employment at the number (602) 453-8778 (see Exhibit A).

13. Plaintiff has informed Defendant that she cannot take such calls while at work.

14. Defendant continues to place daily collection calls to Plaintiff at work.

15. After being put on notice that Plaintiff cannot take collection calls at work, Defendant, on July 8, 2009 placed at least three (3) collection calls to Plaintiff.

16. Despite being told by Plaintiff that she cannot take collection calls at work, Defendant's agent threatened Plaintiff that he would continue to call Plaintiff at work every day until the alleged debt was paid.

# COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by calling Plaintiff at a time known to be inconvenient as Defendant knew, because Plaintiff told Defendant, that Plaintiff's employer did not allow her to receive calls at work.

   b. Defendant violated *§1692c(a)(3)* of the FDCPA by calling Plaintiff at work even though Defendant knew, because Plaintiff told Defendant, that Plaintiff's employer did not allow her to receive calls at work.

   c. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural consequence is the abuse and harassment of the Plaintiff.

   d. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   e. Defendant violated *§1692e(5)* of the FDCPA threatening to continue to place daily collection calls to Plaintiff at her work despite having been told by Plaintiff that she cannot take such calls and thus making threats of actions that cannot be legally taken.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, CATINA JOHNSON, respectfully requests judgment be entered against Defendant, PROGRESSIVE FINANCIAL SERVICES, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, CATINA JOHNSON, demands a jury trial in this cause of action.

                                          RESPECTFULLY SUBMITTED,

DATED:  July 28, 2009           KROHN & MOSS, LTD.

                                          By: /s/Ryan Lee

                                          Ryan Lee,
                                          Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, CATINA JOHNSON, states as follows:

1. I am the **Plaintiff** in this civil proceeding.
2. I have read **the above**-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CATINA JOHNSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 7/20/09

_____
CATINA JOHNSON

# EXHIBIT A

The collector Ralph Nicastro called from Progressive on 6/29 at 7:20 PM from 1-866-484-0211. After that I received a call on 7/1 from an unavailable number at 3:33PM. After that call he called me at work and that's when I instructed him not to call me at work and continued for the next couple of days. After the last call when he stated he would call me everyday is when I started receiving the following calls from an unavailable number. I did answer some, sometimes he would say something or other times the person would hang up. I stop answering because he was rude or no one said anything. The following is a list of the date and times of the calls received.

7/7-9:59AM
7/7-1:52PM
7/7-5:48PM
7/7-8:28PM

7/8-10:23AM
7/8-2:45PM
7/8-6:58PM
7/8-8:05PM
7/8-8:30PM

7/9-2:07PM
7/9-3:00PM

7/10-9:36AM
7/10-11:19AM
7/10-6:14PM

7/13-10:10AM
7/13-11:41AM

7/14-10:50AM
7/14-11:04AM
7/14-8:25PM

7/15-10:18AM
7/15-2:58PM
7/15-8:34PM

7/16-10:53AM
7/16-2:59PM
7/16-5:33PM
7/16-8:44PM

7/17-10:59AM

7/18-11:14AM

7/20-10:54AM
7/20-11:09AM    I'll probably get a couple more before the day is out.

**As you can see he kept his promise that he would call everyday.**

**Catina Johnson**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — YES **NO**

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: I already suffer from migraines, but they've become more frequent and they come at work when I'm wondering if he will call my job and my manager will answer. My cell phone rings several times a day and I tried to work with these people, but it has become really stressful and embarassing.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/20/09

Signed Name: _Catrina Johnson_

Printed Name: Catrina Johnson